UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAISY HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23 CV 16736 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| COMPASS GROUP/TOUCHPOINT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daisy Hernandez ("Plaintiff") brings this action against Defendant Compass Group/Touchpoint ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* Before the Court is Defendant's motion to compel arbitration and stay the proceedings [63]. For the following reasons, the Court grants Defendant's motion.

**I.    BACKGROUND**

According to Defendant, on July 16, 2020, Plaintiff executed a "Mutual Arbitration Agreement" ("Arbitration Agreement") with Defendant, which provides, in pertinent part:

> I and Compass Group USA, Inc. and its subsidiaries, sectors, affiliates, and divisions (collectively, "Compass Entities") mutually agree to utilize binding individual arbitration as the sole and exclusive means to resolve all legal claims between us, including without limitation those that may arise out of or be related to my employment, compensation, or termination of employment. I and the Compass Entities waive our rights to bring a claim against the other in a court of law and in doing so, specifically waive our rights to a jury.  Except as provided below, any claim, dispute, and/or controversy that I may have against the Compass Entities (or their directors, officers, employees, or agents), or that the Compass Entities may have against me, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ("FAA"), except that if for any reason arbitration is unavailable under the FAA, then the law of the state in which I last worked for any of the Compass Parties shall govern this Agreement.  The FAA applies to this Agreement because my employer's business involves interstate commerce.
>
> …

> I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS. I UNDERSTAND THAT THIS AGREEMENT REQUIRES ME TO ARBITRATE, AMONG OTHERS, ANY AND ALL DISPUTES THAT ARISE OUT OF MY EMPLOYMENT.

(Dkt. 64-1, Ex. A.) The Arbitration Agreement indicates that Plaintiff affixed her digital signature to it on July 16, 2020. Plaintiff does not dispute this.

Plaintiff initiated this action *pro se* on December 13, 2023, which the Court dismissed on July 31, 2024 under 28 U.S.C. § 1915(e)(2) for failure to state a claim. (Dkt. 14.) On August 27, 2024, Plaintiff filed an amended complaint, which the Court found to be "relatively straightforward" and "coherent." (Dkt. 23.) The Court ordered the Clerk's Office to issue summons and Defendant was served on November 4, 2024. (Dkt. 24.)

Defendant filed its answer to the amended complaint on January 9, 2025. (Dkt. 36.) Between service of the complaint and March 13, 2025, the date on which the Court granted Plaintiff's motion for attorney representation, (Dkt. 53), the parties engaged in minimal, if any, discovery. Neither party has produced discovery responses to date, and the parties have not engaged in any discovery since settlement discussions reached an impasse on May 28, 2025. (Dkts. 67, 70 at *4.) By that date, the parties had only exchanged initial disclosures and served written discovery requests. (Dkt. 67.)

Defendant filed the instant motion to compel arbitration on June 6, 2025. (Dkt. 63.) In light of, and until resolution of, Defendant's instant motion to compel arbitration, the parties have suspended their discovery efforts. (*Id.*)

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), the party moving for arbitration must show: (1) the existence of an enforceable agreement to arbitrate; (2) the claims fall within the scope of the arbitration agreement; and (3) there is a refusal to arbitrate. *See Zurich American Ins. Co. v. Watts Indus., Inc.,* 417 F.3d 682, 687 (7th Cir. 2005). Once the movant demonstrates these elements, the burden shifts to the party opposing arbitration to demonstrate that the arbitration agreement is unenforceable

2

or that her claims are unsuitable for arbitration. *See Mecum v. Weilert Custom Homes, LLC*, 239 F.Supp.3d 1093, 1095 (N.D. Ill. March 6, 2017) (Coleman, J.).

## III. DISCUSSION

Plaintiff does not dispute that she entered into a valid agreement to arbitrate or that her claims fall within the scope of that agreement. The central question before the Court, then, is whether Defendant waived its right to arbitrate.

The determination of whether a party has waived its right to arbitration is made on a case-by-case basis and focuses on whether, "considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). Courts consider several factors, including diligence or the lack thereof in seeking to compel arbitration; whether the party seeking to compel arbitration participated in litigation, substantially delayed its request for arbitration, or participated in discovery; and the degree of prejudice that would be suffered by the party against whom arbitration has been invoked. *Id. But see Morgan v. Sundance, Inc.*, 596 U.S. 411, 142 S.Ct. 1708, 1712-14, 212 L. Ed. 2d 753 (2022) (resolving circuit split by rejecting requirement to show prejudice to non-moving party to demonstrate waiver).

Plaintiff argues that Defendant has waived its right to arbitrate by having filed responsive pleadings, engaging in discovery, and substantially delaying its request for arbitration. The Court is unconvinced.

First, Defendant's answering of the complaint does not lend itself to waiver. *See Cooper v. Asset Acceptance, LLC*, 532 Fed. Appx. 639, 641 (7th Cir. 2013) (reiterating that a party does not waive its right to arbitrate merely by filing a motion to dismiss).

Second, the parties have engaged in minimal discovery to date. Due to various delays, including Plaintiff's requests for extensions of time and attorney representation, the parties were not able to meaningfully confer about a proposed discovery schedule until March 4, 2025, with the

3

assistance of a magistrate judge. (Dkt. 50.) By May 28, 2025, the only discovery the parties had undertaken consisted of exchanging initial disclosures and serving written discovery requests. (*See* Dkts. 67, 70 at *4.) No discovery has been exchanged since. (Dkt. 70 at *4.) Plaintiff has made no assertion that Defendant has received discovery that it would not be entitled to in arbitration proceedings under the Arbitration Agreement, discovery efforts have been stayed pending the instant motion, no substantive motions have been filed, and no substantive rulings have been made. *See Hoenig v. Karl Knauz Motors, Inc.*, 983 F. Supp. 2d 952, 966 (N.D. Ill. 2013) (Castillo, J.). And Defendant's motion to compel arbitration, filed "in the incipient stages of the discovery process," *id.*, is not "a bombshell in[] the proceedings[.]" *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 389 (7th Cir. 1995) (defendant waived arbitration where it removed case to federal court, participated in extensive discovery including producing almost 2,000 documents, and waited until nearly five months before trial date to file motion to compel arbitration). The Court thus finds that the limited extent of Defendant's participation in discovery thus far does not suggest that Defendant acted inconsistently with the right to arbitrate. *See Kawasaki Heavy Indus., Ltd.*, 660 F.3d at 994.

Third, the delay in Defendant's request for arbitration, in light of the limited discovery completed to date, is not inconsistent with Defendant's arbitration right. In its reply brief, Defendant explains that it informed Plaintiff about the Arbitration Agreement on May 28, 2025, the day on which settlement discussions between the parties reached an impasse. The Court attributes some of the delay to Defendant's good faith attempt at settling the case.

Lastly, the Court rejects the argument that arbitration would be highly prejudicial to Plaintiff after "over 18 months" of having "expended much time and money litigating this matter, preparing documents, and reliving traumatic memories to properly plead her claims." (Dkt. 68 at *6.) None of the above is a basis to find waiver.

4

In sum, Defendant has not waived its right to arbitrate and Plaintiff's Title VII claims are subject to mandatory arbitration under the Arbitration Agreement.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to compel arbitration and stay the proceedings [63]. All proceedings are stayed pending arbitration.

**IT IS SO ORDERED.**

                                                                Sharon Johnson Coleman
                                                                United States District Judge

DATED: 8/7/2025